IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DINO LOCASTRO,

       Plaintiff,                      13cv0168

                                         **ELECTRONICALLY FILED**

       v.

CANNERY CASINO RESORTS, LLC
*trading and doing business as* THE
MEADOWLANDS RACETRACK AND
CASINO,

       Defendant.

<u>**Memorandum Opinion re: Motion to Dismiss (doc. no. 9)**</u>

**I. Introduction**

      Currently pending before the Court is Defendant Cannery Casino Resorts, LLC's

("Defendant's") Motion to Dismiss Plaintiff Dino LoCastro's ("Plaintiff's") Complaint (doc. no.

1). Doc. No. 9.  Plaintiff alleges that Defendant discriminated against him in violation of: the

Americans with Disabilities Act ("ADA") (Count I); the Fourteenth Amendment to the United

States Constitution (Count II); and Article I, Section 26 of the Constitution of the

Commonwealth of Pennsylvania (Count III).  Defendant contends that it is not a state actor and

that Count I fails to state a claim for which relief may be granted.  Doc. Nos. 9 & 10.  After

careful consideration of Defendant's Motion to Dismiss and brief in support thereof (doc. nos. 9

& 10) and Plaintiff's response thereto (doc. no. 12), and for the reasons that follow, Defendant's

Motion to Dismiss (doc. no. 9) will be GRANTED IN PART and DENIED IN PART.

## II. Factual Background

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage the Court must "accept as true the factual allegations in the Complaint and draw all reasonable inferences in plaintiff's favor." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 79-80 (3d Cir. 2011).

Plaintiff owns harness horses and formally raced his horses at Defendant's racetrack in Washington County, PA.  Doc. No. 1, ¶¶ 6-7.  Plaintiff was ejected from Defendant's casino, located adjacent to its racetrack, for actions at a poker table.  *Id.*, ¶¶ 10-15.  Plaintiff was subsequently barred from entering Defendant's property, both the racetrack and casino portions. *Id.*, ¶¶ 16-17.  Plaintiff was also barred from entering his horses in races at the racetrack.  *Id.* Plaintiff is disabled, with bipolar disorder and depression, and receives Social Security Income. *Id.*, ¶¶ 27-28.  Plaintiff's disability makes him a difficult individual with whom to interact.  *Id.*, ¶¶ 29-30.  Plaintiff's disability does not make him a threat to the public   *Id.*, ¶¶ 38-39.  Plaintiff avers that he was discriminated against because of his disability.  *Id.*, ¶ 41.  Plaintiff also avers, in a conclusory fashion, that Defendant acted under color of state law.  *Id.*, ¶ 46.

## III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the

sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific

nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved*

*Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the

framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at

664.

This Court may not dismiss a Complaint merely because it appears unlikely or

improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits.

*Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a

reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d

Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could,

if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## IV. Discussion

### A. Count I – ADA Claim

Although not set forth in his Complaint, Plaintiff concedes that he is proceeding under Title III of the ADA.  Doc. No. 12, 4.  In order to state a claim for relief under Title III of the ADA, Plaintiff "must establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendant[] discriminated against the plaintiff within the meaning of the ADA."  *Harty v. Bull's Head Realty*, 2013 WL 1131625, *3 (D. Conn. Mar. 18, 2013) (internal quotation marks and citation omitted).  Defendant contends that Plaintiff fails to satisfy the first and third prong of this test.  Defendant also alleges that Plaintiff seeks relief that is not permitted under Title III.

Plaintiff concedes that he has sought relief (monetary damages) which is barred by Title III of the ADA.  Doc. No. 11, 6.  However, "[g]enerally speaking, a court should not dismiss an action for failure to state a claim because the plaintiff has requested the wrong relief if it appears that other relief may be available."  *Moore v. Schuetzle*,  2006 WL 3612857, *1 (D.N.D. Nov. 20, 2006). (citing *Doss v. South Central Bell Telephone Co.,* 834 F.2d 421, 425 (5th Cir.1987); *Doe v. United States Dept. of Justice,* 753 F.2d 1092, 1104 (D.C. Cir.1985)); *Morgan Distributing Co., Inc. v. Unidynamic Corp*., 868 F.2d 992, 995 (8th Cir. 1989); *In re Sunrise Secs. Litig.*, 793 F.Supp. 1306, 1327 (E.D. Pa. 1992).  The Court will thus consider whether Plaintiff has sufficiently pled a cause of action for a violation of Title III of the ADA.

Plaintiff has sufficiently pled that he is disabled within the meaning of the ADA.  Under the ADA, the term disability means "a physical or mental impairment that substantially limits one or more major life activities of [an] individual; a record of such an impairment; or being regarded as having such an impairment."  42 U.S.C. § 12102(1).  Plaintiff avers in his Complaint

that he "is disabled and receives Social Security Income [SSI] for the disability."  Doc. No. 1, ¶ 27.  He also avers that he has depression and bi-polar disorder.  *Id.*, ¶ 28.

In *Phelan v. Thomas*, the United States Court of Appeals for the Second Circuit held that a complaint which included allegations that an individual had been receiving SSI was sufficient to plead that the individual was ADA-qualified.  *Phelan v. Thomas*, 439 F. App'x 48, 50 (2d Cir. 2011).  In this case, Plaintiff avers that he receives SSI and that he has bi-polar disorder and depression.  Thus, he has sufficiently pled that he is an ADA-qualified individual.

Plaintiff must also sufficiently plead that Defendant discriminated against him within the meaning of the ADA.  This means that he must plead that Defendant acted "on the basis of [his] disability."  42 U.S.C. § 12182(a).  Plaintiff avers that his "disability can often make him a challenging person to deal with due to his mood swings" and that he "had strained relationships with persons at the track resulting from his mood swings."  Doc. No. 1, ¶¶ 29-30.  He further avers that he "is being treated differently by Defendant because [of] his disability . . . ."  *Id.*, ¶ 41.  Defendant argues that Plaintiff was banned for his conduct, and not his disability.

The Court finds that Plaintiff has sufficiently pled facts that he was discriminated against because of his disability.  In *Den Hartog v. Wasatch Acad.*, the United States Court of Appeals for the Tenth Circuit rejected the dichotomy being put forth by Defendant.  129 F.3d 1076, 1088 (10th Cir. 1997).  The Court held that "the language of the ADA, its statutory structure, and the pertinent case law, suggest [a stark dichotomy between disability and disability-caused misconduct is inappropriate]."  *Id.*  The United States Court of Appeals for the Ninth Circuit has held likewise.  *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007) ("conduct resulting from a disability is considered part of the disability")(internal quotation marks and citation omitted).  Plaintiff has thus sufficiently pled a cause of action under the ADA.

**B. Counts II and III – Violation of State and Federal Constitutional Rights**

Plaintiff alleges that Defendant violated his state and federal constitutional rights by barring him from its property.  However, in order for Plaintiff to state a claim for relief under both the federal and state constitutions, he must establish that Defendant is a state actor.  The *en banc* United States Court of Appeals for the Third Circuit considered an almost identical case (for the purposes of state action) to the case at bar in *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231 (3d Cir. 2002) (*en banc*).

In *Crissman*, trainers of harness racing horses were barred from Dover Downs, a racetrack and casino in Delaware.  *Id*. at 234.  The trainers brought suit pursuant to 42 U.S.C. § 1983, alleging a violation of their constitutional rights.  *Id*. at 238.  They argued, like the Plaintiff in the case at bar, that the racetrack was a state actor under the symbiotic relationship and/or close nexus tests.  *Id*.  The District Court found that the racetrack was not a state actor.  *Crissman v. Dover Downs, Inc.,* 83 F.Supp.2d 450, 453, 455 (D. Del. 2000).  A panel of the United States Court of Appeals for the Third Circuit reversed, finding that there was state action.  *Crissman v. Dover Downs Entm't Inc.*, 239 F.3d 357, 358 (3d Cir.2001).  The *en banc* Court determined that the question raised was of sufficient importance to merit *en banc* review.  The *en banc* Court affirmed the decision of District Court and found that the actions taken by the racetrack did not constitute state action, and thus, no Section 1983 claim could stand.  *Crissman*, 289 F.3d. at 254.

In order to determine if the racetrack was a state actor, the *en banc* United States Court of Appeals for the Third Circuit examined the regulatory framework surrounding racetracks in Delaware.  *Id*. at 238.  In the case at bar, Plaintiff argues that discovery is necessary to determine if Defendant is a state actor.  However, no discovery is necessary.  The legal and regulatory framework of the Pennsylvania Gaming Control Board and the Pennsylvania Harness Racing

Commission is a matter of public record.  Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice of the laws and regulations, *e.g.*, 4 P.S. § 325.101 *et seq.* and 58 Pa. Code. §§ 401 *et seq.* and 181.1 *et seq.*, applicable to Defendant as a casino and as a harness racetrack in the Commonwealth of Pennsylvania.  *See Salvati v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 1314777, *4 (W.D. Pa. Mar. 28, 2013) (Schwab, J.) ("The Court is also permitted to take judicial notice of 'certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and [other] facts of which the court will take judicial notice.'") (quoting *Pryor v. NCAA,* 288 F.3d 548, 560 (3d Cir. 2002)) (alteration in original).

In *Crissman*, the United States Court of Appeals for the Third Circuit noted that Dover Downs was a private corporation that owned and operated a harness racing facility that was privately built on private land.  *Crissman*, 289 F.3d at 234.  The same is true of The Meadows Racetrack and Casino, Defendant's property at issue in the case at bar.  Dover Downs was not only a licensed racetrack, but was also a licensed "video lottery agent."  *Id*.  Similarly, in the case at bar, Defendant is licensed to conduct gambling along with harness racing.  The Court in *Crissman* noted that both the gambling and racing operations in Delaware are "subject to extensive regulation by the state."  *Id*.  The Commonwealth of Pennsylvania likewise has extensive regulations covering Defendant's gaming and racing activities.

In *Crissman*, the Court held that there was "no evidence in the record that the state authorities were involved in any way in the exclusion."  *Crissman*, 289 F.3d at 235.  It is here where Plaintiff's Complaint is fatally flawed.  Plaintiff alleges that the Director of Security for Defendant is the one who "call[ed] the shots" and determined that Plaintiff would be banned from Defendant's property.  Doc. No. 1, ¶ 19.  Thus, Plaintiff admits that the state authorities were involved in any way in his exclusion from the property.  The remainder of the United States

Court of Appeals for the Third Circuit's analysis in *Crissman* of the regulatory framework in Delaware is equally applicable to Pennsylvania. For example, the day-to-day operations of The Meadows is not run by the Commonwealth as was the case with Dover Downs. *Crissman*, 289 F.3d at 237. The handling of funds by Defendant also does not lead to a finding of state action. *Id*. at 237-38.

Plaintiff cites two other decisions of the United States Court of Appeals for the Third Circuit in support of his argument that Defendant is a state actor. *Groman v. Twp. of Manalapan*, 47 F.3d 628 (3d Cir. 1995) is of no assistance to Plaintiff. It does not address whether a racetrack is a state actor. Instead, the case addressed whether a volunteer first aid squad was a state actor. *Id*. at 642. The Court found that it was not a state actor. *Id*. The other case cited by Plaintiff, *Fitzgerald v. Mountain Laurel Racing, Inc.*, 607 F.2d 589 (3d Cir. 1979) was distinguished by Court of Appeals in *Crissman*. *Crissman*, 289 F.3d at 239 n.17. The Court stated that "Pennsylvania's regulatory scheme [does] not make the action of a race track 'fairly attributable to the state.'" *Id*. The Court noted that in *Fitzgerald* the Commonwealth had directly intervened in banning the plaintiff. *Id*. However, in this case, Plaintiff admits that the state did not directly intervene in his banishment. Doc. No. 1, ¶ 17.

In sum, Plaintiff "complain[s] of an act by an employee of a privately owned race track in which the state was, undisputedly, not directly involved." *Crissman*, 289 F.3d at 238. As the United States Court of Appeals for the Third Circuit stated:

> [T]he presence of both these elements-regulation and flow of funds-that are separately unpersuasive in the state action inquiry does not amount to more than each alone; the combination brings no greater result-namely, no state action. [Pennsylvania] is not associated in the harness racing or [gambling] operation, nor are the monies that flow to the [Commonwealth] tied in any way to the conduct [Plaintiff] complain[s] of. The deeper involvement and interdependence present in a unique way in the fact pattern considered in *Burton* simply are not present here.

*Id*. at 244-45 (internal quotation marks and footnotes omitted).  As any amendment to Counts II and III of the Complaint would be futile, they will be dismissed without leave to amend.  *See Connelly*, 706 F.3d at 217 (citation omitted).

**V. Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (doc. no. 9) will be GRANTED IN PART and DENIED IN PART.  Count I will not be dismissed; however, Counts II and III will be dismissed with prejudice.

An appropriate Order follows.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF counsel of Record